# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 7 |
| | ) |
| NEWPORT 222 MITCHELL STREET, L.P., | ) CASE NO. 24-54060-SMS |
| | ) |
| Debtor. | ) |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

COMES NOW, Balfour Beatty Construction, LLC ("Balfour") and pursuant to 11 U.S.C. § 362(d) and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure, files this Motion for Relief from Automatic Stay in the bankruptcy proceedings of Newport 222 Mitchell Street, L.P. ("Debtor"), showing the Court as follows:

1. This is a motion under 11 U.S.C. § 362(d) of the Bankruptcy Code for relief from the automatic stay to allow Balfour to proceed with litigation against the Debtor in litigation filed in the Superior Court of Gwinnett County, Georgia, styled *Balfour Beatty Construction, LLC v. Newport 222 Mitchell Street, L.P., et. al*, Case No. 23-A-05346-2, filed June 20, 2023 (the "Gwinnett Action"). A true and correct copy of the Complaint filed in the State Court Action is attached hereto as **Exhibit A.**

## JURISDICTION AND VENUE

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§157 and 1334.

3. This matter is a "core" proceeding within the meaning of 28 U.S.C. § 157.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory basis for the relief requested herein is 11 U.S.C. § 362(d) of the Bankruptcy Code.

## FACTUAL BACKGROUND

6. The Gwinnett Action arises out of a construction contract between Bafour as general contractor, and Debtor as owner (the "Contract"). A true and correct copy of the Contract is attached hereto as **Exhibit B.**

7. The Contract involved improvements to the real estate then owned by Debtor, at 222 Mitchell Street, Atlanta, Georgia 30303 (the "Property") with the contract sum being $40,400,096.

8. At the time work was performed on the Property, Debtor was the owner of the Property.

9. Balfour and its subcontractors performed improvements to the Property, but partway through the construction project Debtor stopped paying for the work yet insisted that funding would be forthcoming. The unpaid amount of work performed totals $11,061,178.98.

10. Debtor's failure to pay for the work performed is a contractual default and breach of Contract. Balfour is also entitled to interest and its unearned contract fee pursuant to the Contract.

11. Balfour filed a lien on the Property, in the amount of $10,942,292.19. A true and correct copy of the lien is attached hereto as **Exhibit C.**

12. Balfour subsequently learned that at the time Debtor entered into the Contract, Debtor did not have the funds to pay for the improvements, yet Debtor continually induced Balfour to continue work based on representations that money was going to be coming.

13. The Gwinnett Action alleges that Debtor, through its officers and representatives, fraudulently induced Balfour to perform work without intending to pay.

14. In addition to Debtor, the Gwinnett Action also named Debtor's equity owner as a defendant and included several john doe defendants to stand in the place of Debtor's controlling members.

15. Between the time that Balfour filed the Gwinnet Action, and the time Debtor filed the Chapter 7 Petition, Debtor's lender foreclosed on the Property, subject to Balfour's lien.

16. At the time Debtor filed its Chapter 7 Petition, discovery was underway as Balfour sought information including, inter alia, identities and activities of the managers and officers of Debtor relating to fraudulent representations and actions on behalf of Debtor.

17. When Debtor filed its Chapter 7 Petition, a corporate representative deposition of Debtor was set to take place the following day.

18. It is Balfour's belief that the filing of the Chapter 7 Petition was filed, at least in part, to halt discovery in the Gwinnett Lawsuit to prevent Debtor's forced disclosure of its shareholders who fraudulent induced Balfour into performing over $11,000,000 worth of work for which Debtor had no intent to pay.

19. It is Balfour's good faith belief that Debtor (which was a single asset LLC that no longer has any interest in that single asset) filed for bankruptcy to stop investigation and discovery into Debtor's officers and directors' actions.

20. Debtor has disclosed that it has zero assets, therefore it is probable that Debtor has filed for bankruptcy to shield investigation into the actions of its officers and directors.

21. Balfour wishes to pursue discovery regarding the actions of non-debtor entities and individuals, but to do so, Balfour first needs to commence the deposition of Debtor's corporate representative.

## REQUEST FOR RELIEF

**I. The Automatic Stay Should Be Terminated Pursuant to Bankruptcy Code § 362(d)(2) and (3) to Allow Balfour to Foreclose its Lien Against the Property.**

22. Balfour's claim in this Bankruptcy is secured by its lien against the Property. As part of the Gwinnett Action, Balfour sought to foreclose its lien.

23. In order to foreclose its lien on the Property, Balfour needs a judgment from the Superior Court that its lien is valid and may be foreclosed.

24. Debtor identified its business as a Single Asset Real Estate as defined in 11 U.S.C. § 101(51B). See Doc. 1, p.2.

25. Relief from the stay is appropriate where "the debtor does not have an equity in such property; and such property is not necessary to an effective reorganization." 11 U.S.C. § 362(d)(2).

26. Relief from the stay must be granted as to Single Asset Real Estate under 11 U.S.C. § 362(d)(3) where the Debtor has not filed a plan of reorganization or commenced monthly payments in an amount equal to interest on Balfour's

5

interest in the real estate. In re Glob. One, L.L.C., 411 B.R. 524, 528–29 (Bankr. S.D. Ga. 2009).

27. Separately, the automatic stay does not apply to actions against property of the estate where "such property is no longer property of the estate." 11 U.S.C. § 362(c)(1).

28. Per Debtor's disclosures in this Bankruptcy, Debtor has no property interest in the Property as an asset – as Debtor's lender foreclosed on Debtor's loan prior to the bankruptcy petition subject to Balfour's lien. Because Debtor disclosed no property interest in the Property, Debtor has no equity in this property.

29. Second, the Property is not necessary to an effective reorganization. Debtor has filed a chapter 7 bankruptcy case, and thus reorganization is not in prospect.

30. The estate would not be prejudiced by Balfour continuing its lien foreclosure action in the Gwinnett Action, because Debtor does not have any interest in the Property.

31. Balfour would suffer prejudice if relief from the stay is not granted, because there is no adequate protection to Balfour's interest in property within the power of the bankruptcy court, because the Property is no longer owned by Debtor.

32. As independent basis for relief from the stay, the Court may grant relief from the stay for cause "including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. 362(d)(1).

33. As such, Balfour is entitled to relief from automatic stay pursuant to § 362(d)(1) and (2) for the purpose of pursuing its lien foreclosure action against the Property.

**II.   The Court Should Provide Relief from the Stay with Respect to the Gwinnett Action to Allow Discovery to Continue to Discover Fraud.**

34. This Court has authority to grant relief from the automatic stay for cause. 11 U.S.C. § 362(d)(1).

35. When evaluating whether to lift the automatic say so a party may continue litigation in another forum, courts in the 11th Circuit use a balancing test with a number of different factors. See e.g. In re R.J. Groover Const., LLC, 411 B.R. 473, 477 (Bankr. S.D. Ga. 2008).[1]

---

[1] … courts have considered numerous factors:

(1) whether relief would result in a partial or complete resolution of the issues;
(2) lack of any connection with or interference with the bankruptcy case;
(3) whether the other proceeding involves the debtor as a fiduciary;
(4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
(5) whether the debtor's insurer has assumed full responsibility for defending it;
(6) whether the action primarily involves third parties;
(7) whether litigation in another forum would prejudice the interests of other creditors;
(8) whether the judgment claim arising from the other action is subject to equitable subordination;

7

36. One of the crucial factors to consider is whether the action primarily involves third parties. Id.

37. In this case, the Gwinnett Action is focused on the actions of Debtor's officers, representatives, and other related entities.

38. No other parties would be prejudiced if this dispute is litigated in Superior Court, as no creditor is expected to receive any distribution under Debtor's current disclosures.

39. It would be in the interest of judicial economy to resolve the dispute in a single lawsuit, rather than a separate adversary proceeding against Debtor, and then a state-court lawsuit against Debtor's officers, representatives, and other related entities.

40. Discovery targeting non-debtors is more appropriately brought in the Superior Court of Gwinnett County, rather than in an adversary proceeding before this Court.

41. By this Motion, Balfour also respectfully requests the entry of an order pursuant to § 104(a) of the Bankruptcy Code and Rule 9006(c)(1) of the

---

(9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;
(10) the interests of judicial economy and the expeditious and economical resolution of litigation;
(11) whether the parties are ready for trial in the other proceeding; and
(12) impact of the stay on the parties and the balance of the harms.

Federal Rules of Bankruptcy Procedure to shorten applicable notice periods and to schedule a hearing on an expedited basis to consider this Motion.

42. Notice of this Motion has been provided to the Office of the United States Trustee, counsel to the Debtors, and counsel for each party having made a notice of appearance in the Gwinnett Action. In light of the nature of the relief requested, Balfour submits that no further notice is necessary and requests the Court's approval of this procedure.

WHEREFORE, Balfour respectfully requests that this honorable Court grant an Order allowing relief from the automatic stay to allow Balfour to resume prosecution of the Gwinnett Action, specifically including the cause of action to foreclose its Lien, and to pursue discovery from debtor and non-debtor entities.

Respectfully submitted, this 22nd day of May, 2024.

**HUDSON LAMBERT PARROTT, LLC**

*/s/ Alexander J. Bell*

| | |
|---|---|
| 3575 Piedmont Road | Kevin H. Hudson |
| Building 15, Suite 200 | Georgia Bar No. 374630 |
| Atlanta, Georgia 30305 | Zachary R. Hall |
| Telephone: (404) 554-8166 | Georgia Bar No. 397354 |
| Facsimile:  (404) 554-8171 | Alexander J. Bell |
| Email: khudson@hlpwlaw.com | Georgia Bar No. 282562 |
| Email: zhall@hlpwlaw.com | *Attorneys for Creditor* |
| Email: abell@hlpwlaw.com | *Balfour Beatty Construction, LLC* |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the I electronically filed the foregoing *Motion for Relief from Automatic Stay* using the Bankruptcy Court's Electronic Case Filing program which sends a notice of and an accompanying link to this document to all parties who have appeared in this case.

This 22nd day of May, 2024

**HUDSON LAMBERT PARROTT, LLC**

*/s/ Alexander J. Bell*

| | |
|---|---|
| 3575 Piedmont Road | Kevin H. Hudson |
| Building 15, Suite 200 | Georgia Bar No. 374630 |
| Atlanta, Georgia 30305 | Zachary R. Hall |
| Telephone: (404) 554-8166 | Georgia Bar No. 397354 |
| Facsimile: (404) 554-8171 | Alexander J. Bell |
| Email: khudson@hlpwlaw.com | Georgia Bar No. 282562 |
| Email: zhall@hlpwlaw.com | *Attorneys for Creditor* |
| Email: abell@hlpwlaw.com | *Balfour Beatty Construction, LLC* |