IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| NEWPORT 222 MITCHELL STREET, L.P., | ) | CASE NO. 24-54060-SMS |
| | ) | |
| Debtor. | ) | |

## EMERGENCY MOTION FOR CONFIRMATION THAT STAY IS ALREADY TERMINATED OR, IN THE ALTERNATIVE, RELIEF FROM THE AUTOMATIC STAY AND RELATED RELIEF

**COMES NOW** Balfour Beatty Construction, LLC ("Balfour" or "Movant"), by and through counsel, and respectfully files this *Emergency Motion for Confirmation That Stay is Already Terminated or, in the Alternative, Relief from the Automatic Stay and Related Relief* (the "Motion") for confirmation that the stay does not apply to the Movant seeking to: 1) determine the amount due to Movant; and 2) liquidate its breach of contract claim in conjunction with resolving the Foreclosure Action (as defined below) or, in the alternative, relief from the automatic stay to allow the Movant to determine the amount due to Movant, liquidate its breach of contract claim, and otherwise resolve the Foreclosure Action. In support thereof, Movant respectfully shows as follows:

### JURISDICTION, VENUE, AND RESERVATION OF RIGHTS

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157. Venue of this proceeding is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The predicates for the relief requested herein are Sections 105 and 362 of the United States Bankruptcy Code (the "Bankruptcy Code") and Bankruptcy Rules 4001 and 9014.

3. Movant reserves all rights with regard to this matter, including, but not limited to, the right to amend, supplement, or modify this Motion. Movant appears in this Court out of an

abundance of caution and makes a limited appearance for the purpose of: a) clarifying that the automatic stay does not apply to Movant seeking to: i) determine the amount due to Movant; and ii) liquidate its breach of contract claim in conjunction with resolving the Foreclosure Action or, in the alternative, b) requesting that the stay be lifted to allow the Movant to resolve the Foreclosure Action.

4.      Movant does not consent to the jurisdiction of this Court to hear or resolve any matter other than the instant Motion and expressly reserves any and all jurisdictional objections to any claim that may be made against Movant herein and specifically reserves all rights to have claims heard by a jury.

## **RELIEF SOUGHT**

5.      Movant asserts that the Movant already received relief from the stay to proceed to closure or resolution in its mechanics' lien foreclosure action in Gwinnett County Case No. 23-A-05346-2 (the "Foreclosure Action") and believes that the proposed conduct of the Movant to determine the amount due to Movant, liquidate its breach of contract claim, and otherwise resolve the Foreclosure Action is authorized incident to such relief. Out of abundance of caution in response to the Debtor recently asserting, through state court litigation counsel, that the stay was applicable to the proposed conduct of the Movant, Movant seeks confirmation that the stay is not applicable to Movant seeking to: a) determine the amount due to Movant; and b) liquidate its breach of contract claim in conjunction with resolving the Foreclosure Action or, in the alternative, seeks relief from the stay to allow Movant to: a) determine the amount due to Movant; and b) liquidate its breach of contract claim in conjunction with resolving the Foreclosure Action and otherwise resolve the Foreclosure Action. Movant further requests that the 14-day stay of an Order

granting this Motion pursuant to Bankruptcy Rule 4001(a)(3), if applicable, be waived to allow such Order to be deemed effective immediately on the date of entry.

## **FACTUAL BACKGROUND**

6.      On April 22, 2024, the Debtor initiated the above-captioned bankruptcy case (the "Bankruptcy Case").

7.      On or about May 22, 2024, Movant filed in this Court a certain *Motion for Relief from Automatic Stay* [Doc No. 22] (the "First Motion") in which Movant sought relief from the automatic stay to allow Balfour to proceed with litigation against the Debtor in litigation filed June 20, 2023, in the Superior Court of Gwinnett County, Georgia (the "Trial Court") styled *Balfour Beatty Construction, LLC v. Newport 222 Mitchell Street, L.P., et. al*, Case No. 23-A-05346-2 (the "Gwinnett Action"). The Gwinnett Action was modified to include the equity owner of the Debtor and unidentified controlling members of the Debtor as defendants in addition to the Debtor.

8.      As further detailed in the First Motion, the Gwinnett Action arises out of a construction contact for improvements to certain real estate at 222 Mitchell Street, Atlanta, Georgia 30303 (the "Property") that: a) the officers and representatives of the Debtor fraudulently induced Movant to perform; and b) were performed when the Debtor was the owner of the Property. After the Debtor failed to pay for services rendered at the Property, Balfour filed a lien on the Property in the amount of $10,942,292.19. Between the time that Balfour initiated the Gwinnett Action and the filing of this Bankruptcy Case, the lender of the Debtor foreclosed on the Property subject to the lien of Balfour.

9.      The claim of Movant against the Debtor is secured by a lien against the Property and part of the Gwinnett Action seeks to foreclose on such lien and determine the amount of the outstanding claim against the Debtor.

10.     Pursuant to a certain Order Granting Relief from Automatic Stay [Doc. No. 25] filed on July 12, 2024 (the "Stay Relief Order"), the First Motion was granted and the automatic stay was "lifted for the purpose of allowing Balfour to proceed to closure or resolution in its mechanics' lien foreclosure action in Gwinnett County Case No. 23-A-05346-2, inclusive of any steps Balfour might take to pursue or conclude its mechanics' lien foreclosure." The Stay Relief Order further authorizes the Trial Court to enter "any order or judgment that it deems necessary or appropriate pertaining to the foreclosure of mechanics' lien cause of action . . . [and does not] prevent anyone acting at the direction of the Court to effectuate the Court's order or judgment pertaining to the mechanics' lien foreclosure." *See* Stay Relief Order ¶ 2.

11.     A critical part of resolving the mechanics' lien foreclosure action is determining the amount due.

12.     Movant submits that liquidating its breach of contract claim and determining the amount due to Movant are part of proceeding to closure or resolution in its mechanics' lien in the Foreclosure Action. Indeed, in order to foreclose on its lien on the Property, Movants needs a determination of the amount due and a judgment that the lien is valid and may be foreclosed.

13.     On August 13, 2024, Movant filed Plaintiff Balfour Beatty Construction, LLC's Motion for Partial Summary Judgment (the "Summary Judgment Motion") to seek partial summary judgment in the Gwinnett Action. A copy of the Summary Judgment Motion and the accompanying brief in support thereof are attached as **Exhibit A** hereto and is incorporated herein by reference.

14.     In response the Summary Judgment Motion, the Debtor asserted that the stay applied to the relief sought in the Summary Judgment Motion and the Relief Order barred the

Movant from seeking such relief. A copy of the recent pleading filed by state court counsel is attached as **Exhibit B** hereto.

15.    Time is of the essence in resolving this matter due to the hearing in the Gwinnett Action scheduled on October 16, 2024.

## ARGUMENT AND CITATION TO AUTHORITY

### A.  **The proposed conduct of the Movant is not subject to the automatic stay.**

16.    "The automatic stay of section 362(a) protects only the debtor, property of the debtor or property of the estate . . .. It does not protect non-debtor parties or their property." *In re Advanced Ribbons & Off. Prod., Inc.*, 125 B.R. 259, 263 (B.A.P. 9th Cir. 1991) (citation omitted). Section "362 protects only property of the estate or property in possession of the estate from actions to collect or that interfere with that property. Where, as here, the property right in question is not property of the estate because Debtor's right thereto was terminated pre-bankruptcy, the automatic stay does not apply." *In re DiGregorio*, 458 B.R. 436, 443 (Bankr. N.D. Ill. 2011). Furthermore, Section 362(a)(1), "has traditionally been interpreted to include only formal legal proceedings against the debtor, and not litigation that collaterally affects the debtor." *In re Log, LLC*, 2010 WL 477 4347, at *2 (Bankr. M.D. N.C. Nov. 9, 2010) (citation omitted). Here, the automatic stay never applied to the: a) Property as any interest of the Debtor in the Property was transferred pursuant to the foreclosure prior to the commencement of the Bankruptcy Case; or b) non-debtor defendants in the Gwinnett Action.

17.    The Movant previously obtained relief from the automatic stay to proceed to closure or resolution in the Foreclosure Action. The Stay Relief Order specifically empowers the Trial Court to enter any order and make any determination necessary to foreclose the lien and a necessary part of such determination is the amount due. The clear intent of the Stay Relief Order

is to allow the Trial Court to resolve the lien foreclosure claim and Movant submits that such resolution includes the determination of the amount due to Movant and liquidation of the breach of contract claim.

18.    Since a judgment that the lien is valid and may be foreclosed is needed in order to foreclose on its lien on the Property, Movant submits that determining the amount due to Movant in the Foreclosure Action is part of proceeding to closure or resolution in its mechanics' lien in the Foreclosure Action. As such, Movant believes that the Stay Relief Order already authorizes the Movant to seek to: a) determine the amount due to Movant; and b) liquidate its breach of contract claim in conjunction with resolving the Foreclosure Action.

19.    In order to foreclose a lien, a party in Georgia must show: a) compliance with the lien statute to create a valid lien, O.C.G.A. § 44-14-361.1; and b) substantial compliance with the contract in question. *See Dan J. Sheehan Co. v. Fairlawn on Jones Homeowners' Assoc., Inc.*, 312 Ga. App. 787, 790 (2011); *Lang v. Brand-Vaughan Lumber Co.*, 339 Ga. App. 710, 712 (2016). Notably, the satisfaction of the first element requires the Trial Court to find that Balfour is in substantial compliance with the contract such that the funds are owed. Incident to such finding is a determination as to the amount due and such determination requires the Movant to liquidate its breach of contract claim.

20.    Out of an abundance of caution, Movant requests that the Court clarify and confirm that: a) the stay has already been terminated to allow the Movant to: i) determine the amount due to Movant in the Foreclosure Action; and ii) liquidate its breach of contract claim; and b) the Trial Court may enter summary judgment in the mechanics' lien foreclosure action.

**B.  In the alternative, cause exists to grant relief from the automatic stay.**

21.    Even if this Court concludes that determining the amount due to Movant and/or liquidating the breach of contract claim of the Movant are still subject to the automatic stay, sufficient and adequate cause exists for lifting the automatic stay.

22.    Pursuant to U.S.C. § 362(d)(1), a bankruptcy court shall grant relief from the stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." The Bankruptcy Code does not define what constitutes "cause," and thus what "constitutes 'cause' is based on the totality of the circumstances in the particular case." *See In re Robertson*, 244 B.R. 880, 882 (Bankr. N.D. Ga. 2000) (citation omitted). Notably, cause exists for lifting the stay under 11 U.S.C. § 362(d) where an estate holds no interest in the subject property. *See In re Ohuche*, 2013 WL 937571 (Bankr. N.D. Ga. Feb. 5, 2013).

23.    Here, the circumstances weigh in favor of granting relief from any applicable stay to allow the Movant to: a) determine the amount due to Movant; and b) liquidate its breach of contract claim in conjunction with resolving the Foreclosure Action for at least five reasons. First, the Property is not property of the Debtor or the estate of the Debtor. Second, there is a lack of connection with or interference with the Bankruptcy Case and the requested relief would not prejudice the Debtor. Third, the Movant will suffer significant harm in the event that the Movant is unable to determine the amount due to Movant, liquidate its breach of contract claim, and otherwise resolve the Foreclosure Action. Fourth, cause exists as the totality of circumstances indicate that the Property was transferred prior to the Petition Date and cannot be considered property of the Debtor or the estate of the Debtor. Fifth, the liquidation of the breach of contract

claim is for the purpose of resolving the mechanics' lien foreclosure action rather than, without further court approval, for enforcement against the Debtor or the Estate of the Debtor.

24.     The totality of circumstances and equities support the determination that any applicable stay should be modified to allow Movant to: a) determine the amount due to Movant; and b) liquidate its breach of contract claim in conjunction with resolving the Foreclosure Action and otherwise resolve the Foreclosure Action. Indeed, a balancing of the hardships weighs in favor of granting the Motion to provide relief from the stay and, as such, Movant contends that cause exists to grant relief from any stay under 362(d)(1). Accordingly, to the extent applicable, Movant respectfully requests that this Court lift any stay with regard to the Property.

25.     Good cause also exists for this Court to find that the Order granting this Motion should not be stayed by Rule 4001(a)(3) of the Bankruptcy Code, if applicable.

**WHEREFORE**, Movant prays that the Court enter an Order, substantially in the form as the proposed order attached as **Exhibit C**, that:

1.     Grants this Motion;

2.     Shall not be subject to the 14-day stay provided for by Bankruptcy Rule 4001(a)(3) such that the Order shall be deemed effective immediately on the date of the Order;

3.     Confirms that the stay is not applicable to determine the amount due to Movant, liquidate the breach of contract claim, and otherwise resolve the Foreclosure Action or, in the alternative, grants Movant relief from the automatic stay to determine the amount due to Movant, liquidate the breach of contract claim, and otherwise resolve the Foreclosure Action; and

4.     Grants Movant such other and further relief as the Court deems just and proper.

Dated: September 24, 2024.

Respectfully submitted,

LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com
*Counsel for Balfour Beatty Construction, LLC, Movant*

**EXHIBIT A**

E-FILED IN OFFICE - LW
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

23-A-05346-2

8/13/2024 1:21 PM
TIANA P. GARNER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| BALFOUR BEATTY CONSTRUCTION, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 23-A-05346-2 |
| | ) | |
| NEWPORT 222 MITCHELL STREET, LP, NEWPORT SOUTH DOWNTOWN MASTER, L.P., JOHN DOE ENTITIES 1-10, and JOHN DOES 1-20, | ) | **Jury Trial Demanded** |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF BALFOUR BEATTY CONSTRUCTION, LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT

COMES NOW Balfour Beatty Construction, LLC ("Balfour") and, pursuant to O.C.G.A. § 9-11-56, files this Motion for Partial Summary Judgment. This case involves Defendant Newport 222 Mitchell Street, L.P.'s ("222 Newport") failure to pay Balfour for construction work that Balfour unquestionably performed, and for which it is just as unquestionably owed payment in the amount of $10,048,036.00, and Balfour's efforts to perfect and foreclose on the claim of lien it filed against 222 Newport's property as security for this debt. 222 Mitchell Street has admitted that its failure to pay Balfour constitutes a breach of the parties' contract, and admits it owes Balfour the amounts in question; it admits as well that Balfour's lien and efforts to perfect same complied in all material particulars with the requirements of Georgia's lien statute (O.C.G.A. § 44-14-360 *et seq*.). Accordingly, 222 Newport's Balfour is entitled to judgment as a matter of law on its breach of contract claim for non-payment (Count I), and on its lien foreclosure claim (Count IV).

In support of this Motion, Balfour relies on:

1. Balfour's Memorandum of Law in Support of Motion for Partial Summary Judgment;

2. Balfour's Statement of Undisputed Material Facts and Theories of Recovery in Support of Partial Summary Judgment Motion, including all documents attached and referenced therein;

3. Defendant Newport 222 Mitchell Street, L.P.'s Responses to Plaintiff's First Requests for Admission, filed contemporaneously herewith;

4. The Affidavit of Michael Macon; and

5. The pleadings in this case.

WHEREFORE, Balfour prays that judgment be granted in Balfour's favor and against Defendant 222 Newport and that Balfour be awarded all other such relief as this Court deems just and proper.

Respectfully submitted this 13th day of August, 2024.

<div style="display:flex">
<div>

15 Piedmont Center, Suite 200
3575 Piedmont Road NE
Atlanta, Georgia 30305
Telephone:  404-554-8181
Facsimile:  404-554-8171
Email: khudson@hlpwlaw.com
Email: zhall@hlpwlaw.com
Email: ctakeuchi@hlpwlaw.com

</div>
<div>

**HUDSON LAMBERT PARROTT, LLC**

*/s/ Kevin H. Hudson*

Kevin H. Hudson, Esq.
Georgia Bar No. 374630
Zachary R. Hall, Esq.
Georgia Bar No. 397354
Cory L. Takeuchi, Esq.
Georgia Bar No. 424678
*Attorneys for Balfour Beatty Construction, LLC*

</div>
</div>

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing was served upon all parties to this matter via the Court's e-filing system:

Don L. Swift, III
Andersen Tate Carr
One Sugarloaf Centre
1960 Satellite Blvd. NW, #400
Duluth, GA  30097
dswift@atclawfirm.com
*Attorney for Defendant*

This 13th day of August, 2024.

**HUDSON LAMBERT PARROTT, LLC**

*/s/ Kevin H. Hudson*

15 Piedmont Center, Suite 200
3575 Piedmont Road NE
Atlanta, Georgia 30305
Telephone:  404-554-8181
Facsimile:  404-554-8171
Email: khudson@hlpwlaw.com
Email: zhall@hlpwlaw.com
Email: ctakeuchi@hlpwlaw.com

Kevin H. Hudson, Esq.
Georgia Bar No. 374630
Zachary R. Hall, Esq.
Georgia Bar No. 397354
Cory L. Takeuchi, Esq.
Georgia Bar No. 424678
*Attorneys for Balfour Beatty Construction, LLC*

E-FILED IN OFFICE - LW
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

23-A-05346-2

8/13/2024 1:21 PM
TIANA P. GARNER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| BALFOUR BEATTY CONSTRUCTION, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 23-A-05346-2 |
| NEWPORT 222 MITCHELL STREET, LP, NEWPORT SOUTH DOWNTOWN MASTER, L.P., JOHN DOE ENTITIES 1-10, and JOHN DOES 1-20, | ) ) ) ) ) ) | **Jury Trial Demanded** |
| Defendants. | ) | |

## PLAINTIFF BALFOUR BEATTY CONSTRUCTION, LLC'S MEMORANDUM OF LAW IN SUPPORT OF PARTIAL SUMMARY JUDGMENT MOTION

COMES NOW Plaintiff Balfour Beatty Construction, LLC ("Balfour") and files this Memorandum of Law in Support of its Partial Summary Judgment Motion, respectfully showing the Court as follows:

## INTRODUCTION

Balfour acted as the general contractor for Newport 222 Mitchell Street, L.P. ("222 Newport") to build the core and shell for a mixed-use office and retail development at 222 Mitchell Street in downtown Atlanta (the "Project"). The parties executed a written contract on or about October 12, 2021 (the "Contract"). Thereafter, Balfour commenced work under the Contract. In December 2021, 222 Newport secured financing that was purportedly sufficient to pay for the construction work. By December of 2022, however, 222 Newport owed Balfour millions of dollars, which it did not pay (and currently has no intention of paying) in breach of the plain terms of its Contract. Ultimately, Balfour was forced to stop work and file a lien on the Project property in an

amount of $10,942,292.19 ("Balfour's Lien"). The pending motion seeks to establish 222 Newport's breach and perfect Balfour's Lien as a matter of law.

## STATEMENT OF UNDISPUTED FACTS[1]

The following material facts are undisputed and based predominantly on 222 Newport's own admissions in this lawsuit.

## The Project and the Contract

Balfour Beatty is a contractor that, *inter alia*, performs general contracting services for commercial and residential construction projects in and around the Atlanta area. (*See* SOF, ¶ 1). On or about October 12, 2021, Balfour entered into a written contract with 222 Newport (the "Contract"), under which Balfour agreed to act as general contractor and 222 Newport agreed to act as owner for a construction project known as Core and Shell Construction, 222 Mitchell Street, Atlanta, Georgia 30303 (the "Project"). (*See id.*, ¶ 2). The Project contemplated by the Contract was part of a large-scale, mixed-use commercial development located near Mercedes Benz stadium, and was intended to house both retail and office space. (*See id.*, ¶ 3) At the time Balfour performed its construction work, 222 Newport owned the property on which the Project was located and Balfour's construction work was performed. (*See id* ¶ 29).

The Contract established a "guaranteed maximum price" for Balfour's work of $40,400,096. (*See id.*, ¶ 4). The Contract contemplated that Balfour would submit periodic payment applications to 222 Newport for work completed to date—including, as applicable, "requests for payment on account of changes in the Work"—which were to be supported by data substantiating Balfour's right to payment for the work in question. (*See id.*, ¶ 5). The Contract

---

[1] Balfour's Statement of Undisputed Material Facts ("SOF") is filed contemporaneously herewith, and Balfour cites to the SOF as evidence in support of this Motion.

required 222 Newport to pay approved payment applications for work that Balfour had actually performed. (*See id.*, ¶ 6).

## Financing for the Project

Following execution of the Contract in October 2021, Balfour began performing the physical construction work contemplated by the Contract. (*See id.*, ¶ 7). As contemplated by the Contract, 222 Newport informed Balfour that 222 Newport planned to obtain loan financing to fund Balfour's work on the Project. (*See id.*, ¶ 8). As part of 222 Newport's financing process, 222 Newport provided Balfour with a Contractor's Letter in which Balfour agreed to subordinate Balfour's construction lien rights to 222 Newport's potential lender, BI 68, LLC ("BI 68") provided that BI 68 (i) made the contemplated loan and (ii) advanced funds pursuant to that loan in an amount sufficient to fund Balfour's remaining work on the Project. (*See id.*, ¶ 9). The Contractor's Letter states that BI 68 intended to provide a loan of up to $75 million, to be secured by the real property on which the Project was located. (*See id.*, ¶ 10).

After some negotiation, Balfour executed the Contractor's Letter effective December 10, 2021. (*See id.*, ¶ 11). In doing so, Balfour relied in part on 222 Newport's representations that the Contractor's Letter was needed in order to close on the loan and secure the funding that 222 Newport intended to use to pay for the work in full. (*See id.*, ¶ 12). (The Contractor's Letter expressly recognizes that Balfour had performed and would continue to perform work on the Project.) (*See id.*, ¶ 13).

Balfour's construction work for 222 Newport was ongoing between October and December of 2021, while 222 Newport negotiated with BI 68. (*See id.*, ¶ 14). Balfour was advised of the closing on the loan in December 2021, and based on 222 Newport's representations of financing

3

made before and after the execution of the Contract, Balfour continued to perform work on the Project until it stopped work in May 2023 due to non-payment. (*See id*., ¶ 15).

### 222 Newport Fails to Pay Balfour for Balfour's Work on the Project

Beginning in December 2022, 222 Newport failed to pay the following payment applications:

- **Payment Application 14**, reflecting unpaid work for the period ending December 31, 2022, in the amount of $1,876,283.09;

- **Payment Application 15**, reflecting unpaid work for the period ending January 31, 2023, in the amount of $1,331,513.44;

- **Payment Application 16**, reflecting unpaid work for the period ending February 28, 2023, in the amount of $1,771,744.42;

- **Payment Application 17**, reflecting unpaid work for the period ending March 31, 2023, in the amount of $913,214.90;

- **Payment Application 18**, reflecting unpaid work for the period ending April 30, 2023, in the amount of $1,071,874.60);

- **Payment Application 19**, reflecting unpaid work for the period ending May 31, 2023, in the amount of $96,732.60. Payment Application 19 also reflects that 222 Newport had withheld, as retainage, an additional $2,986,672.93 owed to Balfour for work Balfour had performed on the Project. (*See id.*, ¶¶ 16, 20).

222 Newport received all of these Payment Applications on or around the date reflected on these applications. (*See id.*, ¶ 17).

In its responses to Requests for Admission propounded by Balfour, 222 Newport admitted that:

- Balfour performed all of the work for which Balfour sought payment through Payment Applications 14 – 19 (*see id.*, ¶ 18);

- Balfour met all conditions necessary for full payment of the money requested in Payment Applications 14 – 19 (*see id.*, ¶ 19);

- 222 Newport owed, but did not pay, $2,986,672.93 in retainage, as shown on Payment Application 19 (*see id.*, ¶ 21);

- 222 Newport does not intend to make any further payment to Balfour (*see id.*, ¶ 22);

- 222 Newport failed to pay Balfour per the terms of the Contract. (*See id.*, ¶ 23).

Ultimately, BI 68 did not make advances under the Loan sufficient to fund Balfour's remaining construction work in the amount of $38,687,537.00.  (*See id.*, ¶ 24). BI 68 only advanced $25,000,000.00 to fund Balfour's construction. (*See id.*).

### Balfour Timely Files and Perfects a Valid Claim of Lien

On May 15, 2023, Balfour recorded a claim of lien in the amount of $10,942,292.19 against 222 Newport's interests in the real property for which Balfour furnished labor, materials, and other services (the "Property") in the property records of the office of the Clerk of the Superior Court of Fulton County, Georgia, the county wherein the Property is located, at Lien Book 5648, Pages 642 – 643 (the "Lien Claim"). (*See id.*, ¶ ). The unpaid amounts requested by Payment Applications 14 – 19 (including retainage) constitute part of the amount stated in the Lien Claim.[2] (*See id.*, ¶¶ 25-26).

---

[2] The delta between the amount requested on the payment applications and the amount stated on the Lien Claim consist of additional, non-Contract work performed by Balfour at 222 Newport's request, but for which no written change order was issued. These "change order amounts" are not addressed in the instant Motion.

Regarding Balfour's Lien Claim, 222 Newport admits that:

- Balfour, as a general contractor, falls within the class of persons entitled to a special lien under O.C.G.A. § 44-14-361 (*see id.*, ¶ 27);

- Balfour's Payment Applications 14 – 19 (including the retainage reflected in Payment Application 19) seek payment for labor, services, and materials provided for and used in the improvement of Property owned by 222 Newport and described in the Lien Claim (*see id.*, ¶ 28);

- 222 Newport was the owner of the Property described in the Lien Claim during the entire time that Balfour provided labor, services, and materials for the improvement of said real property (*see id.*, ¶ 29);

- The labor, services, and materials for the improvement of the Property described in the Lien Claim were provided by Balfour pursuant to the Contract and at the instance of 222 Newport (*see id.*, ¶ 30);

- Balfour last furnished labor, equipment, services, and materials to the Project less than ninety (90) days prior to the date on which the Lien Claim was filed (*i.e.*, May 15, 2023) (*see id.*, ¶ 31);

- Prior to the expiration of two (2) days after Balfour filed the Lien Claim, Balfour sent a copy of the Lien Claim by certified mail to 222 Newport (*see id.*, ¶ 32);

- Balfour commenced the instant action on June 20, 2023, which is less than one (1) year from the filing of the Lien Claim (*see id.*, ¶ 33);

- Balfour timely filed a Notice of Commencement within thirty (30) days of the commencement of the instant lawsuit. (*See id.*, ¶ 34).

6

In other words, Balfour timely perfected its Lien Claim, which it is now seeking to enforce based on the foregoing undisputed material facts.

## ARGUMENT AND CITATION TO AUTHORITY

This Court should grant the Motion for the simple reason that 222 Newport has admitted facts sufficient to satisfy every material element of Balfour's Breach of Contract and Lien Foreclosure claims.

### I.      It Is Undisputed that 222 Newport Breached the Contract

"The elements for a breach of contract claim in Georgia are the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken." *Uwork.com, Inc. v. Paragon Techs., Inc.*, 321 Ga. App. 584, 590 (2013). Balfour has presented uncontroverted facts sufficient to establish each of these elements.

First, there is no dispute that the Contract governs the parties' relationship. (*See* SOF, ¶ 2). There is no dispute that, per the Contract, 222 Newport was obligated to pay Balfour for work that Balfour duly performed, and for which it requested payment through written payment applications. (*See id.*, ¶¶ 5-6). There is no dispute that Balfour performed the work reflected in Payment Applications 14 – 19 and otherwise met all conditions necessary for full payment of the money requested through these applications (*see id.*, ¶¶ 18-19); no dispute that 222 Newport received these applications, but failed to pay them (*see id.*, ¶¶ 16-17); and no dispute that 222 Newport's failure to pay Balfour the money it requested through these payment applications was a breach of the Contract (*see id.*, ¶ 23).

Similarly, it is undisputed that 222 Newport owed Balfour the retainage amount reflected in Payment Application 19, but similarly failed to pay Balfour. (*See id.*, ¶¶ 20-21).

In short, 222 Newport's failure to pay Balfour money due and owing is a plain breach of the Contract, and Balfour is entitled to summary judgment in the amount of $10,048,036.00, which is the amount requested and owed to Balfour in Payment Applications 14 – 19 (including retainage), but not paid.

## II.     It Is Undisputed that Balfour Is Entitled to Foreclose on Its Claim of Lien

In order to foreclose a lien, a Contractor must show (1) compliance with the lien statute to create a valid lien, O.C.G.A. § 44-14-361.1; and (2) substantial compliance with the contract in question. *Dan J. Sheehan Co. v. Fairlawn on Jones Homeowners' Assoc., Inc.*, 312 Ga. App. 787, 790 (2011); *Lang v. Brand-Vaughan Lumber Co.*, 339 Ga. App. 710, 712 (2016). Here, Balfour has again come forward with undisputed facts demonstrating that each element has been met.

First, for the reasons outlined above, Balfour has substantially complied with the terms of its Contract:  it is undisputed that Balfour performed work from May of 2021 onward and as requested by Payment Applications 14 – 19 and otherwise met all conditions necessary for payment; and 222 Newport's failure to pay was a breach of the Contract. (*See supra* at 7.)

Second, as 222 Newport admits, Balfour strictly complied with the lien statute in all relevant particulars. First, Balfour properly filed a claim of lien and—as a general contractor—it falls within the class of persons entitled to a mechanic's and materialman's lien under O.C.G.A. § 44-14-361(a). (*See* SOF, ¶¶ 25-27). The services, materials, and labor that are the subject of the Lien Claim were furnished pursuant to the Contract at the instance of 222 Newport, the Owner of the Property in question, and were furnished to improve that Property, as required by O.C.G.A. § 44-14-361(b). (*See id.*, ¶¶ 29-30). And finally, Balfour has perfected its lien as required by O.C.G.A. § 44-14-361.1. Specifically, Balfour:

- Filed its Lien Claim within ninety (90) days of last performing work on the Project (*see* SOF, ¶ 31);

- Sent, via certified mail, a true and accurate copy of the Lien Claim within two (2) business days of its filing to 222 Newport, the Owner of the Property in question (*see id.*, ¶ 32);

- Commenced the instant lien action within three hundred sixty-five (365) days from the date of filing the Lien Claim (*see id.*, ¶ 33); and

- Filed, within thirty (30) days of commencing the instant action, the notice required by O.C.G.A. § 44-14-361.1(a)(3) (*see id.*, ¶ 34).

In Georgia, a materialman's lien attaches from the time work is first commenced or material is furnished—and thus, if the subsequent holder of a security interest "takes the deed with actual notice of a materialman's claim of lien upon the property, the title acquired by the lender is inferior to the lien, provided that the lien is subsequently perfected." *See Old Stone Mortgage & Realty Tr. V. New Georgia Plumbing*, 140 Ga. App. 686, 689 (1976). Accordingly, Balfour's lien is superior to any subsequent security interest—unless Balfour validly subordinated its lien. Whether and under what circumstances a subordination occurred is an issue that remains to be decided by a court of law. But because Balfour has substantially complied with the terms of its Contract, perfected its lien claim, and otherwise satisfied all statutorily-required prerequisites, the Court should grant summary judgment on this claim as well.

## CONCLUSION

For the reasons set forth above, Balfour respectfully requests that the Court enter summary judgment on Counts I (Breach of Contract) and IV (Lien Foreclosure) of Balfour's Second Amended Complaint, cast all costs on 222 Newport, and render such other and further relief as the Court deems just and proper.

Respectfully submitted this 13th day of August, 2024.


                                        HUDSON LAMBERT PARROTT, LLC

                                        /s/ Kevin H. Hudson
15 Piedmont Center, Suite 200           Kevin H. Hudson, Esq.
3575 Piedmont Road NE                   Georgia Bar No. 374630
Atlanta, Georgia 30305                  Zachary R. Hall, Esq.
Telephone:  404-554-8181                Georgia Bar No. 397354
Facsimile:  404-554-8171                Cory L. Takeuchi, Esq.
Email: khudson@hlpwlaw.com              Georgia Bar No. 424678
Email: zhall@hlpwlaw.com                *Attorneys for Balfour Beatty Construction,*
Email: ctakeuchi@hlpwlaw.com            *LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing was served upon all

parties to this matter via the Court's e-filing system:

<div align="center">

Don L. Swift, III
Andersen Tate Carr
One Sugarloaf Centre
1960 Satellite Blvd. NW, #400
Duluth, GA  30097
dswift@atclawfirm.com
*Attorney for Defendant*

</div>

This 13th day of August, 2024.

**HUDSON LAMBERT PARROTT, LLC**

*/s/ Kevin H. Hudson*

15 Piedmont Center, Suite 200
3575 Piedmont Road NE
Atlanta, Georgia 30305
Telephone:  404-554-8181
Facsimile:  404-554-8171
Email: khudson@hlpwlaw.com
Email: zhall@hlpwlaw.com
Email: ctakeuchi@hlpwlaw.com

Kevin H. Hudson, Esq.
Georgia Bar No. 374630
Zachary R. Hall, Esq.
Georgia Bar No. 397354
Cory L. Takeuchi, Esq.
Georgia Bar No. 424678
*Attorneys for Balfour Beatty Construction, LLC*

**EXHIBIT B**

E-FILED IN OFFICE - JT
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

23-A-05346-2

9/16/2024 3:11 PM
TIANA P. GARNER, CLERK

IN THE SUPERIOR COURT OF GWINNETT COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| BALFOUR BEATTY | : | |
| CONSTRUCTION, LLC, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | FILE NO.: 23-A-05346-2 |
| | : | |
| NEWPORT 222 MITCHELL | : | |
| STREET, L.P., NEWPORT | : | |
| SOUTH DOWNTOWNMASTER, | : | |
| L.P., JOHN DOE ENTITIES | : | |
| 1 – 10, and JOHN DOES 1 – 20, | : | |
| | : | |
| Defendants. | : | |

## DEFENDANT NEWPORT 222 MITCHELL STREET, L.P.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

In this action, Plaintiff Balfour Beatty Construction, LLC ("Balfour") brings claims against Defendant Newport 222 Mitchell Street, L.P. ("Newport 222") for breach of contract, Georgia's Prompt Pay Act, Implied Contract, Fraud, and Fraudulent Transfer.[1]  Balfour also seeks to establish its contractor's lien against certain real property (the

---

[1] Balfour also asserts claims for Fraud and Fraudulent Transfer against co-defendant Newport South Downtown Master, L.P., but those claims are not at issue in the present motion.

"Property") previously owned by Newport 222.  Because Balfour's claim for breach of contract is subject to the automatic stay entered in Newport 222's bankruptcy action, and because Balfour has failed to establish the amount of its lien against the Property, the court should deny Balfour's motion for summary judgment.

**1. Balfour is precluded from pursuing its claim for breach of contract, because that claim has been stayed by the filing of Newport 222's bankruptcy action.**

The Court should deny Balfour's motion for summary judgment on its claim for breach of contract because that claim remains the subject of the automatic stay in Newport 222's bankruptcy proceeding.  On April 22, 20024, Newport 222 filed for bankruptcy protection in the United States District Court for the Northern District of Georgia.  *See* Suggestion of Bankruptcy filed on April 22, 2024.  Thereafter, on April 23, 2024 this Court entered an order staying this case pending final disposition of the bankruptcy action or entry of an order granting relief from the bankruptcy stay.

On July 12, 2024, the District Court entered an order lifting the automatic bankruptcy stay and permitting Balfour to foreclose on its contractor's lien in this case.  *See* Exhibit "A" to Balfour's Notice of Filing

2

Order Granting Relief from Automatic Stay.   However, in its order the District Court expressly noted that the provisions of the automatic bankruptcy stay were to otherwise "remain in full force and effect, including with respect to the other causes of action alleged against [Newport 222]." *See id.* Thus, this case remains stayed for all purposes other than for Balfour to seek establishment of its lien under O.C.G.A. § 44-14-361.1.

Notwithstanding the clear terms of the District Court's order, in this motion Balfour impermissibly seeks judgment on its cause of action for breach of contract.  It is unclear why Balfour has ignored the District Court's order.  Perhaps it believes that securing judgment on its breach of contract claim is a prerequisite to its lien claim and therefore permitted by the District Court's order.  However, Balfour is not required to obtain a judgment for breach of contract against Newport 222 in order to establish its *in rem* lien against the property.  *See* O.C.G.A. § 44-14-361.1(a)(3)(party seeking establishment of lien need only *commence* its lien action within 365 days from the date of the lien filing).  Thus, because Balfour's cause of action for breach of contract remains subject to the automatic bankruptcy stay under 11 U.S.C. § 362, this Court should deny

3

Balfour's motion for summary judgment as to the claim for breach of contract.

## 2. Balfour has failed to establish the amount of its lien under O.C.G.A. § 44-14-361.1.

The Court should likewise deny summary judgment as to Balfour's cause of action to establish its lien, because there is no proof that the amount in Balfour's Claim of Lien is due.  Balfour's Claim of Lien states that the amount owed to it is $10,942,292.19.  *See* Exhibit "L" to Balfour's Second Amended Complaint.  Yet Balfour has failed to prove it is owed this amount.[2]  Rather, in support of its motion Balfour has submitted evidence only that $10,048,035.98 is owed under Pay Applications 14-19 and for retainage under the contract.[3]  A contractor's lien is limited to the amounts actually due to the claimant based on work performed at the time the lien is filed.  *Massey v. Duke Builders, Inc.,* 310 Ga. 153, 154-

---

[2] *See* Defendants' Answer to Second Amended Complaint at ¶ 99 (denying that Balfour is entitled to a lien in the amount of $10,942,292.19).

[3] In its responses to Balfour's requests for admission submitted by Balfour in support of its motion for summary judgment, Newport 222 admits that Balfour performed the work for which it sought payment in Pay Applications 14-19.  *See* Newport 222's Responses to Plaintiff's First Request for Admission at ¶¶ 97-102.  However, Newport further states that it cannot confirm if all of Balfour's work was correct, accepted, and complete.  *See id.*

155, 849 S.E.2d 186 (2020). Therefore, because Balfour has not proven the amount set forth in its Claim of Lien, the motion for summary judgment should be denied.

In a footnote, Balfour asserts that the "delta" between the amount set forth in its Claim of Lien and the amounts owed under Pay Applications 14-19 is explained by additional non-contract work performed by Balfour. *See* Balfour's Brief at fn. 2. However, the amount Balfour claims to be owed for this non-contract work is $1,013,143.00. *See* Second Amended Complaint at ¶16. When combined with the amounts Balfour is seeking under its Pay Applications, the total sought is $11,061,178.98, which is different from the amount in the Claim of Lien. Balfour's math does not add up.

Regardless, Balfour has denied liability for this change order work. *See* Defendants' Answer to Second Amended Complaint at ¶ 16. Moreover, Balfour does not present any evidence to support this additional claim and expressly declines to address the claim in its motion. *See* Balfour Brief at fn. 2. Because there is no evidence to support entry of judgment for the establishment of a lien in the amount $10,942,292.19,

the Court must deny Balfour's motion for partial summary judgment to

establish its lien for this impermissible amount.

     This 16th day of September, 2024.

               Respectfully submitted,

               ANDERSEN, TATE & CARR, P.C.

               /s/ Donald L. Swift III
               _____
               Donald L. Swift III
               Georgia Bar No. 695199
               Attorneys for Defendants
               Newport 222 Mitchell Street, L.P. and
               Newport South Downtown Master L.P.

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 Phone
(770) 822-9680 Fax

Case 24-54060-sms    Doc 28    Filed 09/24/24    Entered 09/24/24 17:59:12    Desc Main
Document      Page 32 of 37

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically filed the foregoing

**DEFENDANT NEWPORT 222 MITCHELL STREET, L.P.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** with the Clerk of Court using the designated Odyssey e-file system which will automatically send email notification of such filing to the attorneys of record.

This 16th day of September 2024.

ANDERSEN, TATE & CARR, P.C.

/s/ Donald L. Swift III

_____
Donald L. Swift III
Georgia Bar No. 695199
Attorneys for Defendants
Newport 222 Mitchell Street, L.P. and
Newport South Downtown Master L.P.

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 Phone
(770) 822-9680 Fax

4854-7132-9765, v. 1

**EXHIBIT C**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| NEWPORT 222 MITCHELL STREET, L.P., | ) | CASE NO. 24-54060-SMS |
| | ) | |
| Debtor. | ) | |

**ORDER GRANTING EMERGENCY MOTION FOR CONFIRMATION THAT STAY IS ALREADY TERMINATED OR, IN THE ALTERNATIVE, RELIEF FROM THE AUTOMATIC STAY AND RELATED RELIEF**

This matter is before the Court upon the *Emergency Motion for Confirmation That Stay is Already Terminated or, in the Alternative, Relief from the Automatic Stay and Related Relief* [Doc. No. ____] (the "**Motion**") that was filed by Balfour Beatty Construction, LLC ("**Balfour**" or "**Movant**") seeking confirmation that the stay does not apply to the Movant seeking to: 1) determine the amount due to Movant; and 2) liquidate its breach of contract claim in conjunction with resolving the Foreclosure Action[1] or, in the alternative, relief from the automatic stay to allow the Movant to determine the amount due to Movant, liquidate its breach of contract claim, and

---

[1] Capitalized, but undefined terms used herein shall have the meaning ascribed to such terms in the Motion.

otherwise resolve the Foreclosure Action. Following appropriate notice under the circumstances, no objection was filed in opposition to the Motion.

Upon the Court having reviewed and considered the Motion and the matters reflected in the record of the hearing held on the Motion on _____, after due consideration, this Court finds that the stay is not applicable to Movant determining the amount due to Movant, liquidating the breach of contract claim of the Movant, and otherwise resolving the Foreclosure Action and confirms that the stay has already been terminated to allow the Movant to: 1) determine the amount due to Movant in the Foreclosure Action; and 2) liquidate its breach of contract claim and the Trial Court may enter summary judgment in the mechanics' lien foreclosure action, including, with regard to the amount due to Movant and to liquidate the breach of contract claim of the Movant. The Court further finds that, notwithstanding the foregoing, there is cause under section 362(d) to grant the Motion for relief from the stay. For good cause shown, after adequate notice and opportunity for a hearing and no further notice or opportunity for hearing need be given, it is hereby:

ORDERED, that the Motion is ***granted****; and it is further*

ORDERED, that Movants are granted immediate relief from the automatic stay to determine the amount due to Movant, liquidate the breach of contract claim of the Movant, and otherwise resolve the Foreclosure Action and the Trial Court may enter summary judgment in the mechanics' lien foreclosure action, including, with regard to the amount due to Movant and to liquidate the breach of contract claim of the Movant; and it is further

ORDERED, that, to the extent otherwise applicable, the automatic stay of 11 U.S.C. § 362 is hereby modified and terminated with regard to the Movants and the Foreclosure Action and the Movant is permitted to immediately continue the Foreclosure Action, determine the amount due

to Movant, liquidate the breach of contract claim of the Movant, and otherwise resolve the Foreclosure Action and the Trial Court may enter summary judgment in the mechanics' lien foreclosure action, including, with regard to the amount due to Movant and to liquidate the breach of contract claim of the Movant; and it is further

ORDERED, that, the automatic stay is lifted for the purpose of allowing Balfour to proceed to closure or resolution in its mechanics' lien foreclosure action, including, but not limited to determining the amount due to Movant and liquidating the breach of contract claim of the Movant in Gwinnett County Case No. 23-A-05346-2, inclusive of any steps Balfour, at it sole discretion, might take to pursue or conclude its mechanics' lien foreclosure, determine the amount due to Movant, and liquidate the breach of contract claim of the Movant; and it is further

ORDERED, that, the automatic stay shall not prevent the Superior Court of Gwinnett County from entering any order or judgment that it deems necessary or appropriate pertaining to the foreclosure of mechanics' lien cause of action, including to determine the amount due to Movant and to liquidate the breach of contract claim of the Movant. Further, the automatic stay shall not prevent anyone acting at the direction of the Court to effectuate the Court's order or judgment pertaining to the mechanics' lien foreclosure, including to determine the amount due to Movant and to liquidate the breach of contract claim of the Movant; and it is further

ORDERED, that the 10-day stay of an Order pursuant to Bankruptcy Rule 4001(a)(3), if applicable, is waived to allow this Order to be deemed effective immediately on the date of entry.

***END OF ORDER***

Prepare and presented by

LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr., Esq.

Georgia Bar No. 636265
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053; hsewell@sewellfirm.com

**Identification of parties to be served:**
Law Offices of Henry F. Sewell, Jr., LLC
c/o Henry F. Sewell, Jr., Esq.
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305

Office of the U. S. Trustee
75 Ted Turner Dr SW, Room 362
Atlanta, GA 30303

Michael F. Holbein
Smith, Gambrell & Russell, LLP
1105 West Peachtree St., N.E.
Suite 1000
Atlanta, GA 30309

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| NEWPORT 222 MITCHELL STREET, L.P., | ) | CASE NO. 24-54060-SMS |
| | ) | |
| Debtor. | ) | |

The undersigned hereby certifies that a true and correct copy of the *Emergency Motion for Confirmation That Stay is Already Terminated or, in the Alternative, Relief from the Automatic Stay and Related Relief* was served via the Court's ECF system to all parties registered with the system who have filed appearances and requested notices in this proceeding. The foregoing was also deposited in the United States Mail with adequate postage affixed thereto and addressed to the following:

Office of the United States Trustee
362 Richard B. Russell Federal Bldg.
75 Ted Turner Drive, SW # 362
Atlanta, Georgia 30303

Michael F. Holbein                          S. Gregory Hays, Trustee
Smith, Gambrell & Russell, LLP              Hays Financial Consulting, LLC
1105 West Peachtree St., N.E.               Suite 555
Suite 1000                                  2964 Peachtree Road
Atlanta, GA 30309                           Atlanta, GA 30305
Via ECF                                     Via ECF


        Dated: September 24, 2024.


                    Respectfully submitted,

                    LAW OFFICES OF HENRY F. SEWELL JR., LLC

                    */s/ Henry F. Sewell, Jr.*
                    Henry F. Sewell, Jr.
                    Georgia Bar No. 636265
                    Buckhead Centre
                    2964 Peachtree Road NW, Suite 555
                    Atlanta, GA 30305
                    (404) 926-0053
                    hsewell@sewellfirm.com
                    *Counsel for Balfour Beatty Construction, LLC, Movant*