IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: : | |
| : | |
| NEWPORT 222 MITCHELL STREET, LLP., : | CHAPTER 7 |
| : | CASE NO. 24-54060-SMS |
| Debtor. : | |

## NOTICE OF DEPOSITION OF THE DEBTOR

TO:   Newport 222 Mitchell Street LLP
c/o Michael F. Holbein, Esq.
Smith, Gambrell & Russell, LLP
1105 West Peachtree St., N.E.
Suite 1000
Atlanta, GA 30309

Please take notice that, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, Rule 30(b)(6) of the Federal Rules of Civil Procedure, and the *Order Granting Motion for an Order Pursuant to Bankruptcy Rule 2004 Authorizing Examination of the Debtor and Directing the Production of Documents* by the United States Bankruptcy Court for the Northern District of Georgia dated March 6, 2025, 2025 (Dkt. No.35, the "**Examination Order**"), Newport 222 Mitchell Street LLP, Debtor ("**Debtor**" or the "**Witness**"), is required to designate a representative or representative(s) to attend a 30(b)(6) deposition (the "**Examination**") by Balfour Beatty Construction, LLC ("**Movant**") and testify on behalf of the Debtor as to any and all matters within the scope of the Bankruptcy Case permitted by Rule 2004(b).

The Examination will commence at 9:30 a.m., on June 11, 2025, at the offices of Smith, Gambrell & Russell, LLP located at 1105 West Peachtree St., N.E., Suite 1000, Atlanta, GA 30309, or as otherwise agreed to by the parties. The Examination will be recorded stenographically, and may be recorded by audio or video tape, before an officer qualified to make such examinations and continue from day to day until completed. The Examination will be taken for the purposes of

discovery in the Bankruptcy Case and for all other purposes permitted by law, including use at trial, if and where appropriate.

**PLEASE TAKE NOTICE** that the Debtor is required to designate a representative or representative(s) to attend and testify at the Examination as to any and all matters within the scope of Rule 2004 of the Federal Rules of Bankruptcy Procedure, including, but not be limited to, the areas of inquiry set forth in the **Exhibit A** attached hereto and incorporated herein by reference.

Dated this 9th day of June, 2025.

LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305; (404) 926-0053
hsewell@sewellfirm.com
*Counsel for Balfour Beatty Construction, LLC*

# EXHIBIT A

## DEFINITIONS

1.	"**And**" and "**or**" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

2.	The words "**any**" or "**all**" shall be construed to mean any and all.

3.	"**Bankruptcy Case**" means the bankruptcy case commenced by the Debtor in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division and administered under Case Number 24-54060.

4.	"**Communication**" or "**communications**" means any contact or act by which any information or knowledge is transmitted or conveyed between two or more Persons and shall include, without limitation, written contact by such means as letters, memoranda, Correspondence, telegrams, telex, or by any document, and oral contact by such means as face-to-face meetings and telephone conversations.

5.	"**Correspondence**" means all Documents transmitted from one Person to another, including those in electronic form, and all attachments to such Documents.

6.	"**Debtor**," "**Newport**," or "**Witness**" refers to Newport 222 Mitchell Street, LLP, the debtor in the Bankruptcy Case.

7.	"**Document**" and "**Documents**" are used in the broadest possible sense and include, but are not limited to, all original and all non-identical copies of any writing or record of any type or description, including, but not limited to, the following items, and each draft thereof: writings, recordings, notes, photographs, financial statements, agreements, contracts, legal documents, communications, e-mails, Correspondence, letters, statements, reports, envelopes, phone messages, telephone logs, agendas, books, articles, receipts, purchase orders, sales orders, tape recordings, affidavits, opinions, notices, proposals, invoices, confirmations, telegrams, cables, memoranda, records, summaries of records, summaries of data, summaries of personal conversations or interviews, diaries, appointment books, appointment logs, desk calendars, pocket calendars, forecasts, statistical statements, accounts, work papers and related supporting documents, graphs, charts, maps, diagrams, blue prints, tables, indexes, pictures, tapes, microfilms, charges, analytical records, minutes or records of meetings or conferences, reports and/or summaries of interviews, reports and/or summaries of investigations, opinions or reports of consultants, appraisals, records, reports or summaries of negotiations, brochures, pamphlets, circulars, trade letters, press releases, stenographic, handwritten or any other notes, projections, bank statements, checks (front and back), check stubs or receipts, checkbooks, canceled checks, invoice vouchers, electronically or magnetically recorded or stored data, data tapes and sheets or data processing cards or discs or any other computer-related data compilation, and any other written, recorded, printed, typed, photographed, transcribed, punched, taped, filmed, or electronically or graphically recorded documents or writings of whatever description however produced or reproduced, including but not limited to, any information contained in any computer

although not yet printed, within your possession, custody or control or in the possession, custody or control of any agent, employee (including without limitation, attorneys, accountants and investment bankers or advisors), or other Person acting on your behalf.

8. The use of the word "**including**" shall be construed to mean "**without limitation**."

9. An "**original**" of a writing or recording is the writing or recording itself or any counterpart thereof intended to have the same effect by a Person executing or issuing it. An "original" of a photograph includes the negative and/or any print made therefrom. If data is stored in a computer or similar device, any printout or other output readable by sight, shown to reflect the data accurately and in its native file format, is an "original."

10. "**Person**" means any individual, firm, partnership, joint venture, corporation, d/b/a ("doing business as"), association, company, estate, trust, or other legal, government or business entity.

11. "**Petition Date**" means April 22, 2024.

12. The phrase "**possession, custody or control**" includes constructive possession, whereby the party to whom this request is directed has the right to compel the production of a matter or documents from a third party (including an agency, authority or representative).

13. "**Prepetition**" refers to the period of time prior to the Petition Date.

14. The words "**relate to**" a given subject means relating to, concerning, referring to, alluding to, responding to, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, constituting, evidencing, supporting, or in any way pertinent to that certain subject.

15. "**Writings**" and "**recordings**" consist of letters, words, numbers or their equivalent, set down by handwriting, typewriting, printing, photographing, mechanical or electronic recording, or any other form of data production, reproductions or compilations.

16. **"You"** and **"your"** refers to the Witness.

The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa.

## AREAS OF INQUIRY

Newport 222 Mitchell Street LLP, Debtor, is required to designate a representative or representative(s) to attend and testify at the Examination as to any and all matters within the scope of Rule 2004 of the Federal Rules of Bankruptcy Procedure, including, but not be limited to, the following areas of inquiry:

2

a. Facts and documents and persons with knowledge of facts related to or concerning the loans made to the Debtor by BI 68, LLC ("**BI**"), including its predecessors (collectively the "**Lender**");

b. The Debtor's communications with the Lender related to the Construction Contract, as including Debtor's representation of full financing for the Project;

c. The Debtor's communications with the Lender related to the value of the development of the Property;

d. The Debtor's communications with the Lender related to the draft and finalization of the Contractor's Letter, as inclusive of the Loan amount and the definition of the Project in the Contractor's Letter;[1]

e. All appraisals obtained by the Debtor related to the Project and communications with Lender related to those appraisals;

f. The Debtor's communications with the Lender and/or Balfour about the Budget in the Loan and any equity contribution required by the Debtor;

g. The Debtor's communications with the Lender about progress of the work on the Project, Balfour's pay applications, payments made to Balfour, amounts owed to Balfour, and schedules for performance and completion of the work;

h. The Debtor's development of certain real property located at 222 Mitchell Street SW, Atlanta, Georgia 30303 (the "**Property**") from January, 2020 to and through the Petition Date;

---

[1] Capitalized, but undefined terms used herein shall have the meaning ascribed to such terms in the *Motion for an Order Pursuant to Bankruptcy Rule 2004 Authorizing Examination of the Debtor and Directing the Production of Documents* that was filed by the Movant.

3

i. The Debtor's communications with Lender in 2023 after payment issues arose with Balfour;

j. The Debtor's communications with Lender about the Loan and/or any obligations that remained due and owing under the Loan after the Lender foreclosed on the Cross-Collateralized Properties;

k. The Debtor's communications with the Lender about the value of the Cross-Collateralized Properties at the time Lender foreclosed on the Cross-Collateralized Properties;

l. The Debtor's communications with the Lender related to the sale of BI-68 from the original owner of the Lender at the time of the Loan to the current owner of the Lender as of December 2024;

m. The Debtor's communications with the Lender in the timeframe from April through November of 2024 related to Balfour and completion of the Project at the Property;

n. The foreclosure of the Property by the Lender (the "**2nd Foreclosure**"), the events preceding the foreclosure and all communications with the Lender regarding or related to the Foreclosure;

o. The Debtor's communications with the Lender about the value of the Cross-Collateralized Properties at the time Lender foreclosed on the Cross-Collateralized Properties;

p. All communications and agreements made in connection with the 2nd Foreclosure including any and all agreements entered into with the Debtor's officers, directors and employees or guarantors of the debt in connection therewith;

q. Any communications between the Debtor and Lender related to any deficiency owed under the Loan after the Cross-Collateralized Property Foreclosure;

r. The determination of the sale price for the Property at the 2nd Foreclosure;

4

s.  Any communications between the Debtor and Lender related to any deficiency owed under the Loan after the 2nd Foreclosure;

t.  The development and disposition of the Property since the 2nd Foreclosure;

u.  All communications between the Debtor and the Lender for the period January 1, 2020 to and through the Petition Date;

v.  The value of the Property including all appraisals, valuations, or other documents referring to or containing values, estimates or projections of the value for the Property;

w.  Communications and transactions by and between the Debtor, the Lender and contractors employed by the Debtor at the Property including, but not limited to the "Contractors" as defined herein; and

x.  The disposition of the Property.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: : | |
| : | |
| NEWPORT 222 MITCHELL STREET, LLP.,   : | CHAPTER 7 |
| : | CASE NO. 24-54060-SMS |
| Debtor.       : | |

## CERTIFICATE OF SERVICE

This is to certify that service of the within and foregoing *NOTICE OF DEPOSITION OF THE DEBTOR* was served via the United States Bankruptcy Court for the Northern District of Georgia's Electronic Case Filing System to all parties who have filed appearances, including the following:

Michael F. Holbein, Esq.
Smith, Gambrell & Russell, LLP
1105 West Peachtree St., N.E.
Suite 1000
Atlanta, GA 30309

S. Gregory Hays, Trustee
Hays Financial Consulting, LLC
2964 Peachtree Road, Suite 555
Atlanta, GA 30305

NEWPORT 222 MITCHELL STREET LP
CO KEVIN MURPHY
170 MITCHELL STREET
ATLANTA GA 30303-3424

Office of the U. S. Trustee
75 Ted Turner Dr SW, Room 362
Atlanta, GA 30303

This 9th day of June, 2025.

LAW OFFICES OF HENRY F. SEWELL JR., LLC

***/s/ Henry F. Sewell, Jr.***
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com
*Counsel for Balfour Beatty Construction, LLC*