IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: : | |
| : | |
| NEWPORT 222 MITCHELL STREET, LLP., : | CHAPTER 7 |
| : | CASE NO. 24-54060-SMS |
| Debtor. : | |

## MOTION TO COMPEL TRUSTEE TO PRODUCE INFORMATION

Balfour Beatty Construction, LLC ("**Balfour**"), as a creditor and party in interest, by and through counsel, hereby files this *Motion to Compel Trustee to Produce Information* (the "**Motion**"), pursuant to 11 U.S.C. §§ 105 and 704(a) and applicable bankruptcy rules, to compel the Trustee (the "**Trustee**") appointed in the above-captioned Bankruptcy Case (the "**Bankruptcy Case**") to produce the information requested by Balfour. In support thereof, Balfour respectfully shows as follows

## BACKGORUND

1. To avoid duplicating the extensive background discussion in the *Motion for an Order Pursuant to Bankruptcy Rule 2004 Authorizing Examination of BI 68, LLC is and Directing the Production of Documents* [Doc. No. 37] (the "**2004 Motion**") and *Objection and Response to BI 68, LLC's Motion to Quash Subpoena* [Doc. No. 48] (the "**Response**"), the 2004 Motion and Response are incorporated herein by reference. Capitalized terms not defined herein shall have the meaning ascribed to such terms in the Response.

2. Without restating the extensive background set forth in the 2004 Motion and Response, Balfour submits that there is no dispute Balfour and several subcontractors are creditors of this Bankruptcy Estate holding claims in excess of Ten Million Dollars against this Debtor and that Balfour has standing to seek the relief sought herein as a party in interest.

3. On May 8, 2025, this Court entered a certain *Order Granting Motion For An Order Pursuant To Bankruptcy Rule 2004 Authorizing Examination BI 68, LLC And Directing The Production Of Documents* [Doc. No. 40] (the "**2004 Order**") to grant the 2004 Motion that requested a 2004 examination of BI 68, LLC ("**BI 68**"), the party who obtained the primary asset (the "**Property**") of the above-captioned Debtor (the "**Debtor**") through a foreclosure sale which took place within the ninety (90) days preceding the Petition Date.

4. On June 20, 2025, BI 68 filed a *Motion to Quash Subpoena* [Doc. No. 46]. A hearing was held on the 2004 Motion and Motion to Quash on July 30, 2025. At that July 30 Hearing, the Court held both the 2004 Motion and Motion to Quash in abeyance in order to permit the Trustee to conduct his own investigation concerning the issues raised by Balfour in the 2004 Motion.

5. Following this hearing, and for the past several months, the Trustee procured documents and information from each of BI 68 and Balfour.

6. At a hearing held on February 26, 2026, the Trustee announced to the Court that he had determined to not pursue this matter further and that he would not conduct any further investigation of this matter. Based on this oral report from the Trustee, the Court granted the Motion to Quash.

7. The information produced to the Trustee by BI 68 has not been disclosed to Balfour and, indeed, BI 68 required that the Trustee enter into a non-disclosure agreement as a condition of producing documents and information to the Trustee. Even after the Trustee's announcement on February 26, 2026, BI 68 has refused to permit the Trustee to make this information available to creditors of the Bankruptcy Estate or to this Court or to release or modify the Trustee's obligations under the confidentiality agreement he entered into with BI 68.

8. As previously represented to this Court, Balfour was involved in extensive pre-petition litigation with each of the Debtor and BI 68 and has extensive knowledge and background regarding the events and facts which were the subject of the investigation requested in the 2004 Motion.

9. On February 25, 2026, the day prior to the hearing, and after being advised of the Trustee's intentions with respect to the pursuit of claims against BI 68, Balfour demanded that the Trustee make available for inspection and copying the files and materials turned over to the Trustee by BI 68. A copy of this demand is attached as Exhibit A. Balfour's concern is that the Trustee, who has much more limited background information, may not have had sufficient background knowledge to fully evaluate the information produced by BI 68 to ensure that all relevant documentation was produced.

10. In response to this demand, the Trustee advised the Court and Balfour that he had requested that BI 68 make these documents available to Balfour but that BI 68 had rejected this request. Based solely on the refusal of BI 68 to agree to release these documents --- which are in the possession of the Trustee --- the Trustee has refused to produce them to Balfour and Balfour has therefore brought this Motion.

11. At the hearing held on February 26, counsel for Balfour proffered to the Court and the Parties to enter into a confidentiality agreement or attorneys eyes only review of these documents, each of which were rejected by BI 68.

12. BI 68 has not articulated any legitimate basis or privilege justifying its unwillingness to produce this information to Balfour and its unwillingness to make them available, even after the Trustee has declined to pursue the matter further, is deeply troubling.

3

**DISCUSSION**

13. "As a fiduciary of the estate, the trustee has a duty to provide information to interested parties upon request. This duty is a broad and extensive one." *In re Pearlstein*, No. 17-32770-THP7, 2022 WL 1492236, at *2 (Bankr. D. Or. May 11, 2022) (citation omitted). "The policy of open inspection, established in the Code itself through section 704(7) [sic.] and F.R.B.P. 5005 and 5007, is 'fundamental to the operation of the bankruptcy system and is the best means of avoiding any suggestion of impropriety that might or could be raised.'" *In re Robert Landau Assocs., Inc.*, 50 B.R. 670, 677 (Bankr. S.D.N.Y. 1985) (citation omitted).

14. Section 704 "of the Bankruptcy Code unquestionably imposes a duty on the Trustee to perform his duties in a manner promoting the best interests of the estate and to take actions as are necessary to maximize the value of the estate." *Matter of Schoen Enters., Inc.*, 76 B.R. 203, 206 (Bankr. M.D. Fla. 1987).

15. More specifically, Section 704(a)(7) provides, in pertinent part, that a "trustee **shall** . . . unless the court orders otherwise, furnish such information concerning the estate and the estate's administration **as is requested** by a party in interest." 11 U.S.C. § 704(a)(7) (emphasis added). It should be noted that the "burden is on the trustee to obtain a court order excusing the trustee from the duty of providing the information, and not on the party in interest to compel production of the information." *In re Pearlstein*, No. 17-32770-THP7, 2022 WL 1492236, at *3 (Bankr. D. Or. May 11, 2022).

16. Balfour respectfully submits that the language of Section 704(a)(7) is both broad and clear in requiring a Trustee to provide information requested by a party in interest such as creditor. As of the filing of this brief, the only basis cited by the Trustee for not producing this information is that it is protected by a confidentiality agreement entered into by BI 68. To date,

4

and even though the Trustee has now publicly announced his intention to not pursue claims against BI 68, BI 68 refuses to allow the documents it produced to be shared with Balfour, but has never articulated any legitimate basis for this position.

17. Balfour respectfully submits that the *Pearlstein* decision is directly on point in that it involves a request for records from an investigation conducted by a Trustee and supports Balfour's request. A copy of this decision is attached as Exhibit "B". In particular, in *Pearlstein*, the creditor seeking the production of information was a creditor which had moved to conduct its own investigation of assets in Chapter 7 Case, but "stood down" as the Trustee herself conducted an investigation. 2022 WL 1492236, at *1. Ultimately, that creditor sought information regarding the Trustee's investigation of claims and the Court concluded that the Trustee must provide the information. *Id*. at *2. Significantly, in that case, the petitioning creditor offered to enter into a confidentiality agreement, just as Balfour has done in this case. Further, the Court in *Pearlstein* rejected a contention from the Trustee that a separate review of the investigation by the creditor would not add any substantive value and stated that the "Creditor should be able to evaluate for itself." *Id*. at *3. It is clear that Balfour is entitled to non-privileged information in the Trustee's files regarding his investigation of the BI 68 claims.

18. BI 68 may attempt to argue that this Court should look instead to *In re Walters,* 135 B.R. 256 (Bankr. C.D. Cal. 1992). In that older decision, the Court rejected a request for information regarding a Trustee's investigation but it should be noted that this rejection was based largely upon a determination that the information sought was privileged or constituted work product. 136 B.R. at 257. In this case, Balfour is not seeking information "developed by the Trustee" (which was the subject of the request in *Walters*), rather Balfour is seeking information turned over to the Trustee by a third party which was the same information as sought in *Pearlstein*.

5

19. While BI 68 advocates for secrecy and lack of transparency with regard to the disposition of the primary asset of the Debtor, the wishes of BI 68, or even the Debtor, are not determinative. Bankruptcy is a public process and disclosure should not be limited to appease interests attempting to avoid the disclosure of relevant information related to the disposition of the primary asset of the Debtor. Pursuant to Section 704(a)(7), Balfour is entitled to the information and documents requested in its demand.

WHEREFORE, Balfour prays that this Court enters an order: 1) denying any objection of the Trustee or BI 68 to the disclosure of the information requested by Balfour; 2) granting this Motion; 3) compelling the Trustee to produce the information requested by Balfour to Balfour within 5 days of the date of an order on this Motion; and 4) granting Balfour such other and further relief as is just and proper.

Respectfully submitted this 2nd day of March, 2026.

       LAW OFFICES OF HENRY F. SEWELL JR., LLC

       **/s/ Henry F. Sewell, Jr.**
       Henry F. Sewell, Jr.
       Georgia Bar No. 636265
       Buckhead Centre
       2964 Peachtree Road NW, Suite 555
       Atlanta, GA 30305
       (404) 926-0053
       hsewell@sewellfirm.com
       *Counsel for Balfour Beatty Construction, LLC*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: : | |
| : | |
| NEWPORT 222 MITCHELL STREET, LLP., : | CHAPTER 7 |
| : | CASE NO. 24-54060-SMS |
| Debtor. : | |

## CERTIFICATE OF SERVICE

This is to certify that service of the within and foregoing *Motion to Compel Trustee to Produce Information* was served via the United States Bankruptcy Court for the Northern District of Georgia's Electronic Case Filing System to all parties who have filed appearances, including the following:

Michael F. Holbein
Smith, Gambrell & Russell, LLP
1105 West Peachtree St., N.E.
Suite 1000
Atlanta, GA 30309

S. Gregory Hays, Trustee
Hays Financial Consulting, LLC
2964 Peachtree Road, Suite 555
Atlanta, GA 30305

ALSTON & BIRD LLP
c/o William S. Sugden
One Atlantic Center
1201 West Peachtree Street NW
Atlanta, GA 30309

Michael Barger
Rountree Leitman Klein & Geer, LLC
Century Plaza I, 2987 Clairmont Rd., Ste. 350
Atlanta, Georgia 30329

This 2nd of March, 2026.

LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053; hsewell@sewellfirm.com
*Counsel for Balfour Beatty Construction, LLC*

2

**EXHIBIT A**

LAW OFFICES OF HENRY F. SEWELL, JR., LLC
ATTORNEYS AT LAW

━━━━●○●━━━━

Henry F. Sewell, Jr.

Suite 555, 2964 Peachtree Road NW,  Atlanta, Georgia 30305
TEL: (404) 926-0053 • EMAIL: hsewell@sewellfirm.com

February 25, 2026

Michael J. Bargar, Esq.
Rountree Leitman Klein & Geer, LLC
2987 Clairmont Road
Century Plaza I, Suite 350
Atlanta, GA 30329            Sent electronically to mbargar@rlkglaw.com

RE:   S. Gregory Hays, Chapter 7 Trustee for the bankruptcy estate (the "**Estate**") of Newport 222 Mitchell Street, LLP, Debtor in Bankruptcy Case No. 24-54060-SMS (the "**Bankruptcy Case**") before the United States Bankruptcy Court for the Northern District of Georgia; Request for information concerning the Estate and the administration of Estate

Dear Mike:

This firm is counsel for Balfour Beatty Construction, LLC ("**Balfour**"), a creditor and party in interest in the above-captioned Bankruptcy Case. Pursuant to the rights of an interested party incident to 11 U.S.C. §§ 704(a) and applicable bankruptcy rules, we are writing to request information from the Trustee concerning the Estate and the administration of Estate.

Balfour respectfully requests that the Trustee produce and turnover to Balfour for inspection copies of any and all documents, files, records, and papers of the Trustee related to or received from BI 68, LLC or any agent, affiliate, or other party acting on behalf of BI 68, LLC, including, but not limited to, any correspondence with BI 68, LLC or any agent, affiliate, or other party acting on behalf of BI 68, LLC regarding the administration of the Estate.

Please provide the requested information within 10 days or advise if additional time is required. Electronic copies are acceptable and preferred.

Please note that my client reserves all rights upon review of these records to contest the adequacy of the production made by BI68 in response to the subpoena initially issued by my client.

Thank you for your attention to this matter. Please call me if you have any questions.

LAW OFFICES OF HENRY F. SEWELL, JR., LLC

By: *Henry F. Sewell, Jr.*
    Henry F. Sewell, Jr.

**EXHIBIT B**

**EXHIBIT B**

2022 WL 1492236
Only the Westlaw citation is currently available.
United States Bankruptcy Court, D. Oregon.

IN RE Irwin Robert PEARLSTEIN,
Chris Ramsower-Pearlstein, Debtor(s).

Case No. 17-32770-thp7
|
Filed May 11, 2022

**Attorneys and Law Firms**

Justin D. Leonard, Leonard Law Group LLC, Portland, OR, for Trustee Amy E. Mitchell.

Jeffrey Lee Olson, Jeffrey L. Olson, Attorney at Law, Portland, OR, for Debtor Chris Ramsower-Pearlstein.

MEMORANDUM DECISION

TERESA H. PEARSON, United States Bankruptcy Judge

**\*1** This matter came before the court pursuant to a request by chapter 7 trustee Amy E. Mitchell ("Trustee") and unsecured creditor Robert L. Sanders Professional Law Corporation ("Creditor") for clarification of the court's oral ruling on April 26, 2022, regarding the scope of 11 U.S.C. § 704(a)(7).[1]

**Factual Background**

The material facts are undisputed.

Debtors Irwin Robert Pearlstein and Chris Ramsower-Pearlstein ("Debtors") filed this joint chapter 7 case on July 26, 2017.[2] The case was originally administered, under a prior chapter 7 trustee, as a no-asset chapter 7 case. The debtors received their discharge, and the case was closed later in 2017.[3]

In May 2019, Creditor filed a motion to reopen the case, asserting that a chapter 7 trustee should be appointed to administer assets that were "either hidden or not fully investigated due to inadequate disclosure by Debtors."[4] The court granted the motion.[5] Trustee then commenced an investigation, pursuant to which she ultimately concluded in January 2022 that the case should be treated as an asset case.[6]

From 2019 through 2022, counsel for Trustee and Creditor exchanged a series of cordial emails.[7] Creditor provided information to Trustee and offered its assistance with Trustee's investigation. Trustee, while considering Creditor's information, indicated that she preferred to pursue her own investigation and asked Creditor to "stand down from any simultaneous investigation."[8]

In March 2022, Trustee filed a motion and notice of intent to enter into a settlement with Debtor Ms. Ramsower-Pearlstein (Debtor Mr. Pearlstein having passed away).[9] Creditor objected to the settlement, asserting among other things that Trustee had failed to provide an adequate factual basis to support the settlement. Creditor indicated a desire for turnover of Trustee's records and adequate time to review those records prior to the hearing on the settlement. Creditor also cited authority for the proposition that a settlement should not be approved if a creditor was willing to buy the claims from the estate for more than the amount of the settlement.[10] Creditor and Trustee then continued to discuss the proposed settlement, in an effort to resolve Creditor's concerns.

At the hearing on approval of the settlement, Trustee acknowledged that the motion and notice of the settlement was unclear regarding the scope and terms of the proposed agreement with Debtor Ms. Ramsower-Pearlstein. Trustee offered to withdraw the pending motion and notice of settlement, then file an amended motion and notice with more clarity.

Creditor continued to assert its request for information Trustee obtained in her investigation. When the court asked if Creditor was interested in purchasing the claims from the estate for more than the settlement amount, Creditor responded that it did not know, because it had insufficient information to evaluate that option. After Trustee expressed concerns about preserving the confidentiality of sensitive information Trustee obtained from her investigation, Creditor expressed its willingness to enter into an appropriate protective order.

**\*2** After discussion on the record, the court concluded that Trustee must provide the information that Creditor requested to Creditor, but that the parties should work together to draft

Case 24-54060-sms    Doc 61    Filed 03/02/26    Entered 03/02/26 18:27:06    Desc Main
Document      Page 12 of 15

**In re Pearlstein, Not Reported in B.R. Rptr. (2022)**
2022 WL 1492236

an appropriate protective order to address Trustee's concerns about confidentiality. The court also concluded specifically that Creditor would not be entitled to receive information about Trustee's and Trustee's Counsel's discussions with law enforcement.[11]

By correspondence, both Trustee and Creditor have asked for clarification of the court's oral decision regarding Trustee's obligation to provide information to Creditor.[12] Creditor included forms of the proposed protective order exchanged by the parties.[13]

**Discussion and Analysis**

The Bankruptcy Code includes an obligation for trustees to provide information to interested parties in a case. Specifically, it requires that "[t]he trustee shall – ... (7) unless the court orders otherwise, furnish such information concerning the estate and the estate's administration that is requested by a party in interest." 11 U.S.C. § 704(a)(7).

As a fiduciary of the estate, the trustee has a duty to provide information to interested parties upon request. This duty is a broad and extensive one.[14] "The policy of open inspection, established in the Code itself through section 704(7) [sic.] and F.R.B.P. 5005 and 5007, is 'fundamental to the operation of the bankruptcy system and is the best means of avoiding any suggestion of impropriety that might or could be raised.' "[15]

The trustee's duty to provide information is not, however, unlimited. The trustee's right to a protective order should be informed by the trustee's fiduciary duties. "To override the duty to disclose, a trustee should point to a countervailing fiduciary duty, such as to protect creditors and the estate from a particular harm, whose performance is more important than avoiding the harm resulting from withholding the information in question."[16] Courts generally recognize the need to protect the trustee's attorney-client privilege, to provide appropriate safeguards for proprietary and confidential information, to prevent the trustee from violating other laws or agreements, and to avoid interference in criminal and regulatory investigations.[17] Courts may also protect trustees from providing information when the request for information is not made in good faith (e.g., by a vexatious litigant or a competitor of the debtor improperly seeking competitive advantage).[18] In addition, some courts have held that a trustee does not need to provide information that the trustee developed in prosecution of an adversary proceeding.[19]

The language of the statute itself suggests the proper procedure for the trustee to comply with the trustee's duty to provide information. Section 704(a)(7) states that the trustee must provide information that is requested, unless the court orders otherwise. Thus, the duty to provide information arises when a party in interest makes a request for information. Typically, the trustee and the party in interest then confer informally on the scope of information requested by the party in interest. If there is agreement, the trustee then provides the requested information. Sometimes the trustee and the party in interest agree to the terms of a confidentiality agreement prior to the trustee providing the information to the party in interest. Most requests for information are resolved at this stage, without need for any court involvement.

**\*3** If the trustee and party in interest do not agree, and the party in interest's request for information remains outstanding, then the Bankruptcy Code gives the trustee two choices: (1) to provide the information anyway, even though the trustee does not want to do so, or (2) seek entry of an appropriate protective order. In other words, the burden is on the trustee to obtain a court order excusing the trustee from the duty of providing the information, and not on the party in interest to compel production of the information.

In this case, Creditor has made a request for Trustee's records, including the records obtained by Trustee in its investigations of Debtors' assets. Creditor reasonably needs this information to evaluate Trustee's proposed settlement and potential alternatives to that settlement. This is not a situation where Creditor has sat upon its rights. Although Creditor was willing to, and could have, conducted a parallel investigation of Debtors' assets itself, Creditor apparently agreed to stand down from doing its own investigation at Trustee's request. It was not unreasonable for Creditor to abide by Trustee's wishes. Trustee has not questioned Creditor's good faith, and the record shows no reason to do so.

Creditor is willing to enter into a confidentiality agreement and protective order that would allow Trustee to designate information as confidential, and to limit use of confidential material to this proceeding and not for any business, commercial or competitive purpose. Creditor's proposed protective order provides for Trustee to assert and protect its attorney-client privilege and appropriately excludes production of Trustee's and Trustee's counsel's

Case 24-54060-sms    Doc 61    Filed 03/02/26    Entered 03/02/26 18:27:06    Desc Main
Document      Page 13 of 15

In re Pearlstein, Not Reported in B.R. Rptr. (2022)
2022 WL 1492236

communications with law enforcement.[20] The party asserting attorney-client privilege has the burden of proving the privilege applies.[21] A privilege log is an appropriate means to meet that burden and failure to provide a privilege log can result in waiver of the attorney-client privilege.[22]

Trustee appears to be concerned about several issues. First, Trustee asserts that Creditor's request for its entire file is "highly burdensome."[23] While there is a burden to Trustee in providing information in response to Creditor's request, it is a burden that Congress placed on trustees when Congress enacted section 704(a)(7). It is part of the trustee's job to provide information to interested parties. Under the facts and circumstances of this case, where Trustee proposes to settle significant claims of the estate involving previously undisclosed assets, and Creditor wishes to satisfy itself that Trustee's investigation was thorough before deciding whether to accede to the settlement, a review of Trustee's entire file is appropriate.

Second, Trustee asserts Trustee's judgment that the information requested "would not add any substantive value."[24] That may be Trustee's sincere view, but it is a matter that Creditor should be able to evaluate for itself.

Third, Trustee has indicated a willingness to provide information that Debtor Ms. Ramsower-Pearlstein has expressly authorized Trustee to provide (and by implication, withhold other information).[25] Debtors' wishes are not determinative. A trustee is a fiduciary for the estate and has an independent obligation to provide information to parties in interest, including creditors, regardless of whether debtors wish the information to be provided. Of course, if a debtor does not want the trustee to produce certain information, the debtor may also seek an appropriate protective order from the court.

 *4  Fourth, Trustee agues, without citing any authority, that she has a duty to protect the privacy of the financial information of Debtors.[26] The court disagrees. Bankruptcy is a public process. The Bankruptcy Code includes a myriad of requirements for debtors to provide their financial information that becomes public record.[27] "[T]he integrity of the bankruptcy system depends on full and honest disclosure by debtors of all of their assets."[28] Even information obtained in discovery and not filed with the court is subject to public access, without good cause for the court to order otherwise.[29] Particularly in a case like this one, where Debtors have hidden assets from the estate, the court sees little value in protecting the secrecy of Debtors' financial information from interested parties such as Creditor. With respect to protecting financial information of third parties, Trustee fails to explain why Creditor's proposed protective order is insufficient to safeguard this information.

Fifth, Trustee asserts that she has a duty to cooperate with law enforcement, and that any of Trustee's criminal referrals are expected to remain confidential. This court has already decided that, in this case, it is unnecessary for Trustee to provide Trustee's and Trustee's Counsel's discussions with law enforcement to Creditor.

Finally, Trustee asserts that she should not be required to produce to Creditor private medical information she obtained through discovery from life insurance companies. While the court recognizes the importance of protecting sensitive private medical information from unnecessary public view, such information can be produced in unredacted form by Trustee to Creditor pursuant to a protective order. Creditor's proposed protective order provides the ability for Trustee to designate the medical information as confidential and appropriate safeguards for confidential information.

**Conclusion**

For the reasons set forth above, the court requires Trustee to provide all of the information in her records and files of this case to Creditor on an unredacted basis, other than information about Trustee's and Trustee's Counsel's discussions with law enforcement. Trustee may assert her attorney-client privilege using an appropriate privilege log, and if necessary, may redact specific material she asserts is subject to that privilege. The court will enter the protective order proposed by Creditor, except that the protective order should be clarified to provide that documents will only be filed under seal if redaction under Fed. R. Bankr. P. 9037 is not possible. Creditor should submit its protective order as revised.

**All Citations**

Not Reported in B.R. Rptr., 2022 WL 1492236

Case 24-54060-sms    Doc 61    Filed 03/02/26    Entered 03/02/26 18:27:06    Desc Main
Document    Page 14 of 15

In re Pearlstein, Not Reported in B.R. Rptr. (2022)
2022 WL 1492236

Footnotes

1     This disposition is specific to this case. It may be cited for whatever persuasive value it may have.

2     ECF 1.

3     ECF 12, 16.

4     ECF 18, p. 1.

5     ECF 21.

6     ECF 48.

7     ECF 53, Exh. A.

8     ECF 53 Exh. A p. 14 of 15.

9     ECF 51.

10     ECF 53.

11     ECF 56.

12     ECF 59, 60.

13     ECF 60.

14     *In re Refco Inc.*, 336 B.R. 187, 193 (Bankr. S.D.N.Y. 2006); 4 Norton Bankr. L. & Prac. 3d § 77:18 (2022) (noting that when Congress adopted the Bankruptcy Code, it removed the requirement that information be "reasonably" requested that was previously contained in the Bankruptcy Rules enacted pursuant to the Bankruptcy Act).

15     *In re Robert Landau Assocs., Inc.*, 50 B.R. 670, 677 (S.D.N.Y. 1985) (citing *In re Bell & Beckwith*, 44 B.R. 661, 664 (Bankr. N.D. Ohio 1984)).

16     *In re Refco*, 336 B.R. at 194.

17     *See, e.g., In re MF Global Holdings Ltd.*, 2012 WL 734195 (Bankr. S.D.N.Y. 2012).

18     *See, e.g., In re DDJ, Inc.*, 2012 WL 8021327 (Bankr. E.D. Cal. 2012) (vexatious litigant).

19     *In re Walters*, 136 B.R. 256, 258-60 (Bankr. C.D. Cal. 1992).

20     ECF 59, Exh. 3.

21     *In re Grand Jury Investigation*, 974 F.2d 1068, 1070-71 (9th Cir. 1992) (citing *In re Grand Jury Subpoenas (Hirsch)*, 803 F.2d 493, 496 (9th Cir. 1986)).

22     *See, e.g., Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for the Dist. of Montana*, 408 F.3d 1142, 1149 (9th Cir. 2005); *see also* Fed. R. Civ. P. 26(b)(5)(A), made applicable by Fed. R. Bankr. P. 7026 and 9014(c).

23     ECF 59, p. 1.

24     ECF 59, p. 2.

25     ECF 59, pp. 2-3.

26     ECF 63, p.6.

Case 24-54060-sms    Doc 61    Filed 03/02/26    Entered 03/02/26 18:27:06    Desc Main
Document    Page 15 of 15

In re Pearlstein, Not Reported in B.R. Rptr. (2022)
2022 WL 1492236

| | |
|---|---|
| 27 | *See, e.g.*, 11 U.S.C. § 521(a); *In re Hammeken*, 316 B.R. 723, 734 (Bankr. D. Ariz. 2004) ("Debtors are required to provide full disclosure of all information that aids in understanding the Debtors' financial affairs and transactions."). |
| 28 | *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 785 (9th Cir. 2001) (cleaned up). |
| 29 | *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 423 (9th Cir. 2011). |

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.